IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO.: 3:21-cr-159-RAH |
| | ) |
| THADDEUS DIMARGGIO HOLSTICK | ) |

**MEMORANDUM OPINION and ORDER**

Pending before the Court is the Second Unopposed Motion to Continue Trial (Doc. 26) filed by Defendant Thaddeus Dimarggio Holstick on September 22, 2021. Jury selection and trial are currently set in this case on the term of court commencing on October 18, 2021. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the seventy-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." §3161(h)(7)(A). In granting such a continuance, the Court may consider, among other

factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

Defense counsel represents that the parties are currently in plea negotiations and that she needs additional time to gather court records from outside the state and advise her client.  There is no indication of a lack of diligence on defense counsel's part.  A continuance is warranted to afford defense counsel reasonable time to continue plea negotiations and prepare for a trial and/or sentencing.  The United States does not oppose a continuance.

For good cause, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial.  Accordingly, it is

ORDERED as follows:

(1) The Motion to Continue (Doc. 26) is GRANTED.

(2) Jury selection and trial are CONTINUED from October 18, 2021, to the criminal term of court commencing on **January 4, 2021 at 10:00 a.m.** in Courtroom 2D in Montgomery, Alabama.  All deadlines tied to the trial date are adjusted accordingly.

(3) The Magistrate Judge shall conduct a pretrial conference before the January 2022 trial.

DONE, on this the 23rd day of September, 2021.

      /s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE
